IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 17, 2015

**STATE OF TENNESSEE v. DAVID FRAZIER**

**Appeal from the Criminal Court for McMinn County**
**No. 95542     Andrew M. Freiberg, Judge**

_____

**No. E2015-01422-CCA-R3-CD – Filed December 16, 2015**

_____

Appellant pleaded guilty to voluntary manslaughter and later filed a motion challenging his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed. On appeal, appellant argues that the trial court erred by summarily dismissing his motion without appointing counsel after he had stated a colorable claim for relief. Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

David Frazier, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Stephen Davis Crump, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Appellant pleaded guilty to voluntary manslaughter on January 12, 1996, and received an effective sentence of four years and six months. On December 19, 2014, appellant filed a motion challenging his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed on July 13, 2015. Appellant now argues that the trial court erred by summarily dismissing his motion without

appointing counsel after he had presented a colorable claim for relief from an illegal sentence. On appeal, appellant argues that he stated a colorable claim when he argued that he was denied pretrial jail credits, that he was sentenced above the presumptive minimum sentence within his sentencing range, that the trial court did not find him guilty, and that he did not enter his plea knowingly and voluntarily.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> . . . .

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Our supreme court has recently stated that a colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

Our supreme court has also recently analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." *State v. Adrian R. Brown*, __ S.W.3d __, __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *8 (Tenn. Dec. 2, 2015). Appellant pleaded guilty to voluntary manslaughter on January 12, 1996, and received an effective sentence of four years and six months. However, he did not file his Rule 36.1 motion until December 19, 2014, fourteen years after his sentences had expired. We also note that one of petitioner's claims alleges that he is entitled to relief because he was denied pretrial jail credits. However, the supreme court stated that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Id.* at

-2-

*9 (citation omitted).  As such, we conclude that the trial court did not err in dismissing appellant's motion for failure to state a colorable claim.  *See id.*

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

_____

ROGER A. PAGE, JUDGE